Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2295 | **DATE** | 6/22/11 |
| **CASE TITLE** | David Campbell (#2009-1122169) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#9] is denied. By order of 6/6/2011, Plaintiff was given an opportunity to submit a properly completed and certified application to proceed *in forma pauperis*, and an acceptable complaint. Plaintiff's amended complaint is not acceptable, and it is now clear that Plaintiff's allegations fail to state a claim. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of jurisdiction. The case is dismissed without prejudice to pursuing his claims in state court. The case in this Court is closed.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff has filed an amended complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his rights. His amended complaint is unacceptable as it is incomprehensible, and largely contains statements of the law, rather than factual allegations as to how Plaintiff believes his rights were violated. However, on further review of Plaintiff's original complaint, in conjunction with the statements he makes in his amended complaint regarding preliminary hearings, indictments, and prosecutions of felonies, it appears clear that Plaintiff is challenging his ongoing state criminal prosecution, which is not permitted in federal court.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Initially, Plaintiff's it appears from Plaintiff's complaint that his state criminal proceedings are still ongoing. The "unconstitutional conduct" alleged by Plaintiff may be litigated in state court and may be further litigated either on his direct appeal or in other collateral state proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Even if his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action. (assuming he can meet the requirements of 28 U.S.C. § 2254). *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* In short, once Plaintiff's state court criminal proceedings have been completed, and he has exhausted his direct appeals and collateral proceedings, he still would not be entitled to relief under § 1983, he would need to seek relief pursuant to 28 U.S.C. § 2254.
**(CONTINUED)**

AWL

| **STATEMENT (continued)** |
|---|

Additionally, Plaintiff's claim appears to be one for malicious prosecution. Malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court. *Id.*

Further, Plaintiff is suing Defendants which are not suable entities or who are immune from suit. First, Plaintiff names the State of Illinois as a Defendant. In *Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984), the Supreme Court held that an unconsenting state cannot be sued in federal court. The Court further held that it makes no difference whether the plaintiff seeks damages or injunctive relief. *Id.* at 102. While there is an exception for cases seeking prospective injunctive relief (*see Ex Parte Young,* 209 U.S. 123 (1908)), the exception is inapplicable to the allegations or relief sought in this case.

As it appears that Plaintiff has brought his claims in the wrong court, the Court is denying his i.f.p. application. Dismissal of this action is without prejudice to Plaintiff pursuing his claims, should he choose to do so, in state court.